UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                         EASTERN DIVISION

IN RE: )
 )
CHRISTI S. FINGAL-GRIFFIN, )
 )
        Debtor. )
_____ )
 ) Case No. 4:08-CV-61 (CEJ)
CHRISTI S. FINGAL-GRIFFIN, )
 )
        Appellant, )
 )
    vs. )
 )
U.S. BANKRUPTCY COURT, )
 )
        Appellee. )

## MEMORANDUM AND ORDER

This matter is before the Court on appeal from an order of the United States Bankruptcy Court suspending attorney Christi S. Fingal-Griffin from the practice of law before that court. For the reasons set forth below, the decision of the bankruptcy court will be affirmed.

### I. Background

On May 29, 2007, the Supreme Court of Missouri entered an order suspending appellant Christi S. Fingal-Griffin from the practice of law for a period of three years.[1] On July 24, 2007, the district court initiated proceedings to determine whether the same discipline should be imposed pursuant to Local Rule 12.02 and the Rules of Disciplinary Enforcement.

---

[1] The Missouri Supreme Court found that Ms. Fingal-Griffin violated Rules 4-1.7(b), 4-8.1(a), 4-8.1(b), 4-8.4(c), 4-8.4(d), 4-1.2(a), 4-1.4, and 4-1.16(a) of the Missouri Rules of Professional Conduct.

On October 10, 2007, during the pendency of the district court proceedings, appellant sent a letter to Barry S. Schermer, Chief Judge of the United States Bankruptcy Court of the Eastern District of Missouri, seeking permission to continue to appear in pending cases before that court. On October 30, 2007, Judge Schermer entered an order deeming appellant's letter as a motion for authority to appear and practice law in the bankruptcy court. The motion was set for *en banc* hearing on November 13, 2007, at which appellant appeared. At the hearing's conclusion, the court offered appellant the option of asking the U.S. Trustee to appoint substitute counsel for her remaining cases and withdrawing her request for authority to practice.[2] On November 16, 2007, appellant elected not to withdraw her request and, with the court's leave, submitted additional documents in support of her claim, including copies of materials she filed with this court and the United States Supreme Court.

On November 26, 2007, the bankruptcy court denied appellant's motion. The court's conclusions of law included the following: (1) Admission to practice before the district court is premised upon holding a license to practice law in a state court or the District of Columbia, E.D. Mo. L.R. 12.01(B); (2) disbarment by a state court does not result in automatic disbarment by the federal court, In re Ruffalo, 390 U.S. 544, 547 (1968); and (3) a final

---

[2]Appellant strongly suggested at the hearing that she no longer wished to practice law and that it was only her concern for her remaining clients that compelled her to continue.

adjudication in another court that an attorney is guilty of misconduct conclusively establishes the acts of the attorney constituting the misconduct for the purposes of a disciplinary proceeding in this district, R. Disc. Enf. II(E). The bankruptcy court determined that appellant failed to establish that reciprocal discipline should not be imposed and prohibited her from practicing in the court until such time as she obtained a valid license to practice from a state or the District of Columbia. Appellant filed a motion to set aside the suspension, which the bankruptcy court denied on December 10, 2007.

On August 27, 2008, the district court imposed reciprocal discipline and suspended appellant from the roll of attorneys authorized to practice law in the United States District Court for the Eastern District of Missouri. See In re: Christi S. Fingal-Griffin, Case No. 4:07-MC-392 (CEJ) (order) (E.D. Mo. Aug. 27, 2008).

**II. Discussion**

A district court reviews a bankruptcy court's findings of fact for clear error, but examines its legal determinations de novo. Waugh v. Eldridge (In re Waugh), 95 F.3d 706, 710-711 (8th Cir. 1996); Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir. 1987).

Appellant raises the following issues on appeal:

1. Did the bankruptcy court err when it suspended appellant's license to practice law before that court without first issuing a show-cause order as required by local rules?

2. Did the bankruptcy court violate appellant's right to due process without first issuing a show-cause order as required by local rules?

3. Did the bankruptcy court err in suspending appellant's license to practice law without providing her with an opportunity to address the factual, as well as legal, bases of her position?

4. Did the bankruptcy court provide appellant with adequate notice that it was considering suspending her from the practice of law?

**Appeal Points 1 and 2:**

In her first two grounds, appellant challenges the failure of the bankruptcy court to issue a show-cause order, as set forth in the local rules of the district court, before suspending her from the practice of law.

The bankruptcy court has adopted the requirements for attorney admission and discipline set forth in the local rules of the district court, see E.D.Mo. L.B.R. 2090.1(A), which in turn has adopted the Rules of Disciplinary Enforcement. See E.D.Mo. L.R. 12.02. Rule II specifies that, upon receiving notice that an attorney has been disciplined by another court, the district court shall:

> issue a notice directed to the attorney containing:
>
> 1. a copy of the . . . order obtained from the other court; and
>
> 2. an <u>order to show cause</u> directing that the attorney inform this court within 30 days . . . of any claim by the attorney . . . that the imposition of the identical discipline by this court would be unwarranted and the reasons therefor.

R. Disc. Enf. II(B) (emphasis added).

Appellant complains that the bankruptcy court did not issue a show-cause order. In this instance, the process was initiated by appellant's letter to the chief judge. Upon receipt of the letter, the bankruptcy court entered an order that: (1) deemed the letter to be a motion to practice law despite suspension by the state of Missouri; (2) set the matter for a hearing; and (3) directed appellant to present "all evidence and legal authority which she believes supports her request to practice law before this Court while her license to practice law has been suspended by the State of Missouri." Due process requires notice that is reasonably calculated to apprise a party of the pendency of an action and afford the party an opportunity to present objections. <u>Crum v. Vincent</u>, 493 F.3d 988, 003 (8th Cir. 2007). The bankruptcy court procedure afforded appellant the required notice and opportunity to object. Grounds 1 and 2 will be overruled.

### **Appeal Point 3:**

Appellant contends that the bankruptcy court did not provide her with the opportunity to present her fact-based arguments to refute the state court's suspension order. However, in both the initial order setting the matter for hearing and at the conclusion of the hearing, appellant was informed that she could present evidence as well as legal argument to the court. Appellant's claim in Ground 3 is thus unsupported by the factual record and will be overruled.

**Appeal Point 4:**

In her final point, appellant contends that the bankruptcy court did not provide her with adequate notice that she faced suspension, in that she had merely asked the court to address whether she could continue to represent her existing clients. Appellant cannot establish that she was prejudiced by the procedure used in the bankruptcy court. First, as the hearing transcript establishes, appellant prepared and presented arguments addressing why she should not be subject to reciprocal discipline; *i.e.*, suspension. Second, the district court has recently suspended appellant from the practice of law in this district and, therefore, her challenge to the bankruptcy court's procedure is moot. Ground 4 will be overruled.

Based upon a *de novo* review of the conclusions of law of the bankruptcy court,

**IT IS HEREBY ORDERED** that the November 26, 2007 order of the United States Bankruptcy Court for the Eastern District of Missouri is **affirmed**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 29th day of August, 2008.